IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CAMERON ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 2:16-cv-02997-STA-jay |
| | ) |
| SHELBY COUNTY, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER REQUIRING ADDITIONAL INFORMATION**

Plaintiff Cameron Allen, an inmate at Northwest Correctional Complex, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on December 21, 2016. (ECF No. 1.) On August 30, 2017, Plaintiff filed a Second Amended Complaint. (ECF No. 11.) On November 2, 2018, the Court dismissed the Complaint as to all defendants—with the exception of Officer FNU Hopson. (ECF No. 18 at 14.) The Court ordered the Clerk to issue process for Defendant Hopson and deliver that process to the United States Marshals Service ("USMS") for service. (*Id.*) The Clerk issued the Summons on November 28, 2018. (ECF No. 19.) Defendant Hopson's information was listed as:

    Officer FNU Hopson
    Shelby County Criminal Justice Center
    201 Poplar Ave.
    Memphis, TN 38103

(*Id.*) On March 14, 2019, the Summons was returned as unexecuted, because additional information was needed "to verify which FNU Hopson." (ECF No. 22.) Purportedly, there were two individuals having the last name Hopson who were employed at the Shelby County Criminal Justice Center. (*Id.*) Thus, on March 19, 2019, the Court ordered the Clerk to reissue process for "Officer FNU

1

Hopson, deputy jailer/officer who held the rank of deputy jailer/pod officer and was assigned to 4th floor admin segregation on or about January 18, 2016." (ECF No. 23.)

On May 22, 2019, the Summons was again returned as unexecuted. (ECF No. 25.) In this instance, the USMS was unable to locate Defendant Hopson. Purportedly, Defendant Hopson resigned from his position at the Shelby County Criminal Justice Center. (*Id.*) The USMS was provided with a forwarding address in Kentucky. (*Id.*) The USMS attempted to serve process at the Federal Correctional Institution in Manchester, Kentucky, but was told that Defendant Hopson is not employed at that facility. (*Id.*)

When an indigent plaintiff has taken reasonable steps to identify and locate a defendant, the Court is responsible for ensuring that service is properly effected. *Abel v. Harp*, 122 F. App'x. 248, 251 (6th Cir. 2005) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). In the present case, the Court has exhausted its resources in trying to locate Defendant Hopson so that he may be properly served. Rule 4 of the Federal Rules of Civil Procedure provides for dismissal of the action if the defendant is not served with a copy of the complaint within 120 days after the commencement of the suit.

Therefore, **IT IS ORDERED** that Plaintiff provide the Court with the correct address of Defendant Hopson so that service can be processed. Plaintiff is to provide this information to the Court in writing within twenty-one (21) days of the entry of this Order or the Court will dismiss this action against Defendant without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED**.

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE

                                               Date: May 23, 2019